IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-MJ-1235

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| CHRISTIAN GUY, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court yesterday for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant Christian Guy ("defendant") pending trial. With the consent of counsel, the detention hearing was combined with the preliminary hearing in this case, and the preliminary hearing and detention hearings in the related case in this court against defendant's father, Lee Guy (no. 7:12-MJ-1233-JG), which arises from the same set of facts at issue in the instant case. Prior to reaching the issue of detention in the instant case, the court ruled that the government had established probable cause for the charges against defendant. (The court reached the same conclusion in the case against defendant's father.)

At the hearing, the government presented the testimony of an agent with the Department of Homeland Security and an agent with the North Carolina State Bureau of Investigation. Defendant presented the testimony of two proposed third-party custodians, his mother (who is divorced from his father) and his stepmother (who is still married to, but separated from, his father). The proposal was that defendant would reside with his mother, but that his stepmother, who is retired, would be with him when the mother was working at her fulltime job. The court also reviewed the pretrial services report.

After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## **Background**

Defendant was charged by criminal complaint on 20 November 2012 with conspiracy to distribute more than 100 kilograms of marijuana on 19 November 2012 in violation of 21 U.S.C. § 846. The evidence presented at the hearing, including substantial information obtained by authorities from a confidential informant who was a former co-conspirator, showed that defendant's father was the ringleader of a yearlong conspiracy responsible for acquiring from suppliers in the Tucson, Arizona area about 800 to 1,000 pounds of marijuana per month, equaling a total of up to 12,000 pounds of marijuana, and reselling it to distributors in eastern North Carolina. At his father's request, defendant, who is 18 years old, participated in a controlled purchase of 400 pounds of marijuana for $200,000 on 19 November 2012 in the Raleigh area. Defendant had previously participated in other activities of the conspiracy, apparently including transporting marijuana from Tucson and assisting with other marijuana transactions. While the confidential informant was still a part of the conspiracy, defendant's father threatened to kill him and his family if he ever failed to comply with defendant's instructions. Defendant's father also told the confidential informant that the suppliers in the Tucson area would kill those who betrayed them.

Defendant's father was belligerent with one of the agents who arrested him on the instant charges, essentially confronting him nose-to-nose. Defendant's father threatened the agent by

stating that he would not always have handcuffs on.  Defendant's father was upset that he was being arrested in front of his 16-month-old daughter.

Defendant's father operates a rental business for more than 50 residential properties he and members of his family own, including some owned by defendant.  Defendant is a fulltime employee of that business.  A recent search of the office for that business and the adjoining area located inside the office a black bag with marijuana residue and outside the office three such bags.  Firearms were also found during the search, including a pistol inside the office.  Defendant's father is a former law enforcement officer.

The proposed third-party custodians for defendant, his mother and stepmother, and the proposed third-party custodian for defendant's father, defendant's grandmother, denied any knowledge of the alleged conspiracy or the actions taken in furtherance of it.  They disclaimed such knowledge although they are all in regular contact with defendant's father and defendant.  In addition, two of the three, defendant's grandmother and stepmother, assist with the operation of the rental business.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government.  In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following:  evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offense charged; the circumstances of the offense charged, including the duration of the alleged conspiracy, the amount of marijuana involved, the relative sophistication of the operation, defendant's father's utilization of defendant

3

to help carry out the activities of the conspiracy, defendant's apparent responsiveness to his father's requests to participate in such activities, and defendant's apparent ability to secrete his offense conduct from various family members, including the third-party custodians he proposes; defendant's dependence on his father's business for his job and the value of the properties he owns that are part of the business; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of danger presented by defendant as an instrument of his father, his mother's regular absence from the home for work, and the apparent financial tie his stepmother has to defendant's father's business; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lack of a criminal record and his ties to the Bladen County area. It finds, however, that the factors favoring detention outweigh such evidence. Of particular significance, the court is concerned that if defendant were released, defendant's father would likely retain the ability to issue instructions to defendant to take additional action in furtherance of the conspiracy, to which defendant has shown himself to be responsive. Defendant's father might well also seek to have defendant take certain actions to undermine the prosecution in the related case against him. The court has not identified any condition or combination of conditions that can reasonably prevent such communications by defendant's father to defendant, whether made directly by defendant's father to defendant or indirectly through family members. In that connection, the court notes evidence presented by the government that defendant used code words in communications in furtherance of the conspiracy to mask their illicit nature.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 28th day of November 2012.

James E. Gates
United States Magistrate Judge