UNITED STATES OF AMERICA
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CR-134-F2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHRISTIAN GUY, | ) | |
| Defendant. | ) | |

This matter is before the court on appeal of Magistrate Judge James E. Gates's Order placing the Defendant ("Guy") on pretrial detention [DE-11]. In his motion requesting review of the Magistrate Judge's Order, Guy indicated that he wished to present alternative custody arrangements to the court. Mot. to Revoke Order of Detention Pending Trial [DE-13]. Because Guy wished to put on additional evidence regarding his custodial arrangements, the court scheduled a hearing on this matter for January 4, 2013. *See* Order [DE-23]. At the hearing, the United States was represented by Assistant United States Attorney Denise Walker and Guy was present with his counsel, Laura Beaver. Upon a *de novo* review of all the evidence, the court enters the following:

## FINDINGS OF FACT

1. Guy has been indicted for possession with intent to distribute 100 kilograms or more of marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

2. Guy is eighteen years old and he has no prior criminal convictions.

3. Upon his parents' divorce when Guy was six years old, Guy was placed in joint custody and he lived half-time with his mother and half-time with his father. Though separated, both of Guy's parents reside in Bladen County in the Eastern District of North Carolina. Except

for a brief period of time when Guy lived in Wilmington, North Carolina, he has lived his entire life in Bladen County.

4. Guy does not have a United States passport and he has never traveled outside the United States.

5. Guy's father, Lee Guy, is a co-defendant in this case. Lee Guy is charged with possession with intent to distribute 100 kilograms or more of marijuana, and with possession of a firearm in furtherance of a drug trafficking crime.

6. Prior to his arrest, Guy was employed by his father. Guy earned between $800 and $1200 a month as his father's employee and this salary was Guy's only legitimate source of income prior to his arrest. Guy worked as a rental manager at Bladen Rental Properties, which is solely owned by his father Lee Guy.

7. Guy also owns three rental properties in the Bladen County area, worth a total $37,500.00. However, Guy does not earn an income from these properties. Guy received these properties as gifts from his father.

8. Guy was financially dependent on his father prior to his arrest.

9. Guy has represented to the court that he will have no contact with Bladen Rental Properties if he is placed on pretrial release. Guy has no definitive employment opportunities for the term of his potential pretrial release.

10. Deputy Brian Moultis is an officer with Department of Homeland Security and he is the chief investigating officer in this case.

11. At the hearing, Deputy Moultis testified to the following. The instant offense conduct involves an alleged multi-state drug operation. Lee Guy, the leader of the conspiracy,

2

purportedly recruited Guy to deliver $200,000 to a drug dealer (who, as it turns out, was an undercover agent). At a pre-arranged meeting place in Mebane, North Carolina, Guy delivered the money as instructed and a confidential informant drove the marijuana to a residence in Bladen County. Lee Guy observed the money exchange and then returned to the residence in Bladen County. On the way to the Bladen County residence, Lee Guy instructed Guy to pull over and switch cars with Lee Guy and Guy complied with this request. Once Lee Guy, Guy, and other co-conspirators arrived at the Bladen Count residence, officers executed a search of the residence. During the search, officers discovered 400 pounds of marijuana, firearms in "nearly every room," ledgers indicative of drug activity, and $10,000 cash. Officers also recovered a loaded firearm in the vehicle that Lee Guy ultimately drove to Bladen County after switching with Guy. However, it is unclear whether that firearm was present in the vehicle when Guy drove it to deliver the money.

12. During the execution of the search warrant, officers searched Guy's personal car, which was not driven to the Mebane location, and recovered small "user amounts" of marijuana.

13. Deputy Moultis testified that, prior to the search of the Bladen County residence, a co-defendant observed Guy packaging large amounts of marijuana and selling marijuana in furtherance of the conspiracy.

14. Deputy Moultis testified that a co-defendant observed Guy carrying a loaded, semi-automatic handgun while selling marijuana prior to the search of the Bladen County residence.

15. According to Deputy Moultis, Lee Guy has "threatened to kill" co-conspirators who turn him into the authorities or otherwise betray him.

16. Guy's mother, Sharon Guy, has offered to serve as custodian for Guy if he is placed

3

on pretrial release. She has no criminal record and there is no evidence to suggest that she was involved in the conspiracy. She has been divorced from Lee Guy for approximately twelve years.

17. Sharon Guy works full-time as an administrative assistant in a school in Bladen County. Her schedule is 7:00 a.m. to 4:00 p.m., Monday through Friday. However, Mrs. Guy testified that she has a lot of leave saved up at work, which she can take while Guy is out on pretrial release. Mrs. Guy anticipates that she can remain in the home with her son for the majority of the time he is on pretrial release, should the court allow pretrial release.

18. Mrs. Guy has a working "land line" phone that will allow for electronic monitoring of Guy. She lives alone and she currently has no firearms in the home.

19. Mrs. Guy states that she is willing to report any violations of the terms of pretrial release immediately to the United States Probation office.

20. Guy has successfully concealed his drug use from his mother in the past.

21. Guy lived with his girlfriend from approximately August to November, 2012. Sharon Guy indicated that she became concerned that Guy was not in school and requested that he come home repeatedly. Guy refused each of his mother's requests. However, Guy's mother indicated that when his father became involved, Guy returned home.

22. Mrs. Guy also testified that once Guy returned to live with her, he left to spend a weekend with his girlfriend without her permission.

23. When Mrs. Guy is away from the home, Guy's aunt, Ms. Crystal Tedder, testified that she is also willing to serve as a custodian for the Defendant. Ms. Tedder testified that she has no criminal history, no relationship with Lee Guy or any of the co-conspirators, and no firearms in her home.

24. Ms. Tedder states that she is willing to report any violations of the terms of pretrial release immediately to the United States Probation office.

Based on the foregoing Findings of Fact, the court hereby enters the following,

## CONCLUSIONS OF LAW

1. Guy is charged with knowingly and intentionally possessing with the intent to distribute 100 kilograms or more of marijuana. This offense is a violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* and it carries a maximum penalty of more than ten years imprisonment. 21 U.S.C. § 841(b)(1)(B). Because Guy is charged with violating the Controlled Substances Act and the offense carries a maximum penalty that is more than ten years, the rebuttable presumption of pretrial detention pursuant to 18 U.S.C. § 3142(e)(3) applies.

2. Where the rebuttable presumption of pretrial detention applies, a defendant must provide some evidence that tends to rebut the presumption. *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds, United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990). Once the defendant has produced this evidence, the Government then must show by "clear and convincing evidence" that detention is required because "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other persons and the community." 18 U.S.C. § 3142(e).

3. Even if a defendant rebuts the presumption of pretrial detention, the fact that the defendant is charged with an offense that carries a rebuttable presumption of pretrial detention remains a factor favoring pretrial detention. *See United States v. Quatermaine*, 913 F.2d 910, 916 (11th Cir. 1990); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).

4. The Bail Reform Act also requires the court to consider: (1) "the nature and

5

circumstances of the offense charged," including whether the offense involves a controlled substance or a firearm; (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person, including . . . family ties, employment, financial resources, length of residence in the community, . . . history relating to drug or alcohol abuse, criminal history . . . .;" and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . ." 18 U.S.C. § 3142(g).

5. Here, Guy has proffered sufficient evidence to rebut the presumption of pretrial detention contained in 18 U.S.C. § 3142(e)(3). Guy has no criminal history, no history of violent episodes, he has no passport and he has never traveled outside the United States. He has offered two third-party custodians who have agreed to never leave him alone, who have no criminal history, and no connection to the charged drug conspiracy. *See Quatermaine*, 913 F.2d at 916 (explaining that to rebut the presumption, a defendant "ha[s] the burden to produce evidence 'to suggest that he . . . [was] either not dangerous or not likely to flee if turned loose on bail' " (quoting *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985)). Guy's "burden of production" does not require him to produce "clear and convincing evidence" that he is not dangerous or likely to flee. *Id.* Guy is required only to produce some evidence supporting those factors, which he clearly has done.

6. Because Guy has produced rebuttal evidence, the Government must prove by "clear and convincing evidence" that detention is required, 18 U.S.C. § 3142(f), under the factors outlined above.

7. The court finds that the Government has carried its burden, for the following reasons.

8. Guy has been charged with an offense that carries a rebuttable presumption of pretrial

6

detention. While Guy has proffered sufficient evidence to rebut the presumption, Congress's finding that a violation of the Controlled Substances Act that carries a maximum penalty of greater than 10 years is serious enough to raise a rebuttable presumption of pretrial detention is a factor that weighs in favor of detention. *Quatermaine*, 913 F.2d at 916; *Hare*, 873 F.2d at 798.

9. The "nature and circumstances of the offense" indicate that Guy presents a risk of continued drug trafficking in the community. The instant offense involves a multi-state drug organization responsible for transporting hundreds of pounds of marijuana into North Carolina. At the direction of his father, Guy delivered $200,000 to an undercover agent Guy believed to be a drug dealer in exchange for 400 pounds of marijuana. Officers discovered multiple firearms in the residence where Guy was arrested. Deputy Moultis also reported that a co-defendant has observed Guy sell marijuana in furtherance of the conspiracy and that he carried a loaded semi-automatic handgun to these drug transactions. Because Guy was financially dependent on his father prior to his arrest and he has been receptive to instructions from his father to engage in illegal drug trafficking in the past, the court is concerned that Lee Guy may use his son to continue operating his drug trafficking organization if the court places Guy on pretrial release. Therefore, Guy's release presents a risk of continued drug trafficking activities in the community. The Fourth Circuit has held that the risk of continued drug trafficking constitutes a risk to the safety of the community under 18 U.S.C. § 3142(e) and thus it is a factor favoring detention. *United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985); *see also Hare*, 873 F.2d at 798-99 ("[T]he court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society.").

10. The court also finds that the weight of the evidence against Guy favors detention. At

the hearing, Deputy Moultis testified that Guy delivered $200,000 to an undercover agent who posed as a drug dealer. Deputy Moultis indicated that numerous law enforcement officers personally observed Guy deliver the money. Furthermore, Deputy Moultis reported that Guy knew the money was to be used for a drug transaction.

11. The "history and characteristics of the person" both favor and disfavor detention. Characteristics that disfavor detention include: Guy has presented a third-party custodian (his mother) who is not connected to the criminal conspiracy, has no criminal record, and who appears committed to ensuring Guy does not engage in criminal activity while on pretrial release. In addition, Guy himself has no criminal record and he is facing serious criminal charges. He will be facing even harsher penalties if he commits additional crimes while on pretrial release. Characteristics that favor detention include: Testimony at the hearing indicated Guy was financially dependent on his father prior to his arrest. Guy also has been receptive to his father's instructions to participate in the conspiracy in the past, and the court is concerned that Lee Guy may use Guy to continue operating the conspiracy if Guy is released. Guy has also successfully concealed his drug activities from the proposed third-party custodian in the past. The court concludes that the characteristics favoring detention pose a risk to the safety of the community and thus outweigh the characteristics that disfavor detention.

12. The "nature and seriousness of the danger to any person or the community that would be posed by the person's release" also favors detention. At the hearing, Deputy Moultis testified that a co-defendant personally observed Guy carry a loaded semi-automatic handgun when he sold marijuana. The court notes that Guy did not have an adequate opportunity to challenge these statements because the co-defendant did not personally testify. However, the rules of

8

Case 7:12-cr-00134-F   Document 25   Filed 01/09/13   Page 8 of 10

evidence do not apply at detention hearings and the court may consider hearsay statements reported by a testifying officer in fashioning a detention order. 18 U.S.C. § 3142(f). The court concludes that Guy carried a loaded handgun to drug transactions prior to his arrest, based on the officer's testimony. Guy's willingness to bring a loaded weapon to these transactions constitutes a serious danger to the community.

13. In sum, the court finds that the Government has demonstrated by "clear and convincing evidence" that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other persons and the community." 18 U.S.C. § 3142(e). According, Guy's pretrial detention is required by 18 U.S.C. § 3142(e).

## ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, it hereby is ORDERED:

1. Upon a *de novo* review of the evidence presented herein, together with matters of record, the Magistrate Judge's Order of Detention [DE-11] is AFFIRMED, and Guy's motion for pretrial release [DE-13] is DENIED;

2. Guy is hereby committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Guy shall be afforded reasonable opportunity for private consultation with his counsel; and

4. Upon order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Guy is confined shall

deliver Guy to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED.

This the 9th day of January, 2013.

/s/ James C. Fox
JAMES C. FOX
Senior United States District Judge

10